## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SIERRA CLUB, et al.,                              *
                                                  *
                         Plaintiffs,              *
                                                  *
              v.                                  *        No. 8:20-cv-03060-PX
                                                  *
NATIONAL MARINE FISHERIES                         *
SERVICE, et al.,                                  *
                                                  *
                         Defendants.              *

### DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants National Marine Fisheries Service ("NMFS") and Chris Oliver, in his official capacity as Assistant Administrator for National Oceanic and Atmospheric Administration ("NOAA") Fisheries, (collectively, "Defendants"), by and through their undersigned counsel, hereby answer Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint"), Docket ("Dkt.") 1, as follows:

### INTRODUCTION

1.      The allegations in Paragraph 1 are a characterization of Plaintiffs' suit to which no response is required.  To the extent a response is required, Defendants deny the allegations.

2.      Defendants admit the allegations in the first sentence of Paragraph 2.  In response to the second sentence of Paragraph 2, Defendants admit that the species listed as threatened or endangered under the ESA in the Gulf of Mexico include the endangered Gulf of Mexico Bryde's whale, whose population is believed to contain less than 50 remaining individuals; and the endangered Kemp's ridley sea turtle.  The allegations in the second sentence that the Bryde's whale is "critically imperiled" and that the Kemp's ridley sea turtle is "the most endangered sea turtle in the world" are vague and ambiguous, and Defendants deny them on that basis.

3.      In response to the allegations in Paragraph 3, Defendants admit that the Gulf of Mexico contains thousands of production platforms and wells, and tens of thousands of miles of underwater pipelines.  The allegation that the Gulf of Mexico is the "epicenter of the nation's oil and gas industry," and the allegation that there are "hundreds of thousands of vessel trips taking place annually" in the Gulf of Mexico, are vague and ambiguous, and Defendants deny them on that basis.  In further response to the allegations, Defendants aver that the Bureau of Ocean Energy Management's 2017-2022 Gulf of Mexico Multisale Environmental Impact Statement contained an estimate of 173,002 maximum annual vessel trips related to oil and gas and 875,000 total trips for all vessel traffic.

4.      In response to the allegations in the first sentence of Paragraph 4, Defendants admit that the consequences of oil and gas operations in the Gulf of Mexico have included adverse effects on threatened and endangered species and ecosystems.  The allegation that these adverse effects occur "on a daily basis" is vague and ambiguous, and Defendants deny it on that basis.  In response to the allegations in the second sentence of Paragraph 4, Defendants admit that the Deepwater Horizon drilling rig exploded in 2010.  The allegation in the second sentence that "[t]he harms sometimes become catastrophic" is vague and ambiguous, and Defendants deny it on that basis. In response to the allegations in the third sentence of Paragraph 4, Defendants admit that the Deepwater Horizon accident killed 11 crew members, that the spill took three months to cap, and that released oil spread widely in the Gulf of Mexico, injuring wildlife and harming ecosystems. The allegation that the spill "caused 4.9 million barrels (more than 200 million gallons) of oil to spew underwater" is vague and ambiguous, and Defendants deny it on that basis.  In further response to that allegation, Defendants aver that a federal court adjudicating Clean Water Act penalties concluded that 4 million barrels released from the reservoir and 3.19 million barrels

discharged into the Gulf of Mexico, and Defendants aver that this estimate provided the basis for a consent decree entered into by the United States. *See In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico*, 77 F. Supp. 3d 500, 525 (E.D. La. 2015); *see also* U.S. Department of Justice, Deepwater Horizon, https://www.justice.gov/enrd/deepwater-horizon (last visited Jan. 21, 2021).  In response to the allegations in the fourth sentence of Paragraph 4, Defendants admit that the Deepwater Horizon spill killed marine mammals, sea turtles, fish, birds, and other wildlife. The allegation in the fourth sentence that the spill killed "countless" animals is vague and ambiguous, and Defendants deny it on that basis.  The allegations in the fifth sentence of Paragraph 4 are vague and ambiguous, and Defendants deny them on that basis.

5.      The allegations in Paragraph 5 characterize the Endangered Species Act (ESA), a statute that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA.

6.      Defendants admit the allegations in the first sentence of Paragraph 6.  In response to the allegations in the second sentence of Paragraph 6, Defendants admit that the oil and gas leasing program in the Gulf of Mexico has effects on threatened and endangered species and that Interior has engaged in ESA consultation with NMFS in recent decades regarding the oil and gas leasing program, including a prior biological opinion issued in 2007 ("2007 biological opinion").

7.      The allegations in the first sentence of Paragraph 7 are vague and ambiguous, and Defendants deny them on that basis.  In further response to the allegations in the first sentence, Defendants aver that the Deepwater Horizon incident changed the environmental baseline and status of the ESA-listed species and critical habitats in the Gulf of Mexico.  Defendants deny the allegations in the second sentence of Paragraph 7, and aver that while BOEM requested reinitiation of ESA Section 7 consultation in 2010, formal consultation was not reinitiated until 2013.

8.      In response to the allegations in the first sentence of Paragraph 8, Defendants admit that in March 2020, NMFS completed formal consultation with the issuance of the biological opinion that is the subject of this suit.  In further response to the allegations in the first sentence, Defendants deny that this was ten years after the reinitiation of formal consultation, which was initiated in 2013.  The remaining allegations in Paragraph 8 characterize the 2007 and 2020 biological opinions, documents that speak for themselves and are the best evidence of their contents.  Defendants deny any allegations that are inconsistent with their plain language, meaning, or context.

9.      The allegations in Paragraph 9 are a characterization of Plaintiffs' suit and claims for relief, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## JURISDICTION AND VENUE

10.     The allegations in Paragraph 10 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

11.     The allegations in Paragraph 11 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations and deny that Plaintiffs are entitled to the requested relief.

12.     The allegations in Paragraph 12 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## PARTIES

13.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first three sentences of Paragraph 13, and on that basis deny the allegations.  The allegations in the fourth sentence of Paragraph 13 are a characterization

of Plaintiffs' suit, to which no response is required.   To the extent a response is required, Defendants deny the allegations.

14.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first six sentences of Paragraph 14, and on that basis deny the allegations.  The allegations in the seventh sentence of Paragraph 14 are a characterization of Plaintiffs' suit, to which no response is required.   To the extent a response is required, Defendants deny the allegations.

15.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first four sentences of Paragraph 15, and on that basis deny the allegations.  The allegations in the fifth sentence of Paragraph 15 are a characterization of Plaintiffs' suit, to which no response is required.   To the extent a response is required, Defendants deny the allegations.

16.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first four sentences of Paragraph 16, and on that basis deny the allegations.  The allegations in the fifth sentence of Paragraph 16 are a characterization of Plaintiffs' suit, to which no response is required.   To the extent a response is required, Defendants deny the allegations.

17.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17, and on that basis deny the allegations.

18.     The allegations in the first sentence of Paragraph 18 with respect to alleged NMFS "failure to comply with the ESA and APA" state legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations.  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the

allegations in the first sentence regarding alleged harms and interests of Plaintiffs' members and staff, and on that basis deny the allegations.  The allegations in the second sentence of Paragraph 18 are vague and ambiguous, and Defendants deny them on that basis.  The allegations in the third sentence of Paragraph 18 regarding the Department of Interior's "reliance on the BiOp" are vague and ambiguous, and Defendants deny them on that basis.  In further response to the allegations in the third sentence, Defendants admit that the Department of the Interior continues to authorize oil and gas activities in the Gulf of Mexico, and that some of its authorizations involve implementation of measures recommended in the 2020 biological opinion and associated incidental take statement.

19.    The allegations in Paragraph 19 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

20.    Defendants admit the allegations in the first two sentences of Paragraph 20.  The allegations in the third sentence of Paragraph 20 are vague and ambiguous with respect to the term "principal," and Defendants deny them on that basis. With respect to the remaining allegations in the third sentence, Defendants admit that the NMFS national program office and headquarters are in Silver Spring, Maryland, and aver NMFS has regional offices in several other states including Alaska, Hawaii, Florida, Oregon, and Massachusetts.

21.    The allegations in the first sentence of Paragraph 21 are a characterization of Plaintiffs' suit, to which no response is required.  To the extent a response is required, Defendants deny the allegations.  The allegations in the second sentence of Paragraph 21 are vague and ambiguous, and Defendants deny them on that basis.  In further response to the allegations in the second sentence, Defendants aver the Assistant Administrator oversees NMFS implementation of the ESA under delegated authority from the Secretary of Commerce.  Defendants admit the allegations in the third sentence of Paragraph 21.

## STATUTORY BACKGROUND

22.     The allegations in Paragraph 22 characterize the ESA, a statute that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA.

23.     The allegations in Paragraph 23 characterize the ESA, a statute that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA.

24.     The allegations in Paragraph 24 characterize the ESA, a statute that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA.

25.     The allegations in Paragraph 25 characterize the ESA and regulations thereunder, a statute and regulations that speak for themselves and are the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA and its regulations.

26.     The allegations in Paragraph 26 characterize the ESA and regulations thereunder, a statute and regulations that speak for themselves and are the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA and its regulations.

27.     The allegations in Paragraph 27 characterize the ESA and regulations thereunder, a statute and regulations that speak for themselves and are the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA and its regulations.

28.     The allegations in Paragraph 28 characterize the ESA and regulations thereunder, as well as a court decision in *Defs. of Wildlife v. U.S.  Dep't of the Interior*, 931 F.3d 339, 354 (4th Cir. 2019); a statute, regulations, and court decision that speak for themselves and are the best evidence of its contents.  Defendants deny any allegations inconsistent with their plain language, meaning, or context.

29.     The allegations in Paragraph 29 characterize regulations under the ESA, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA regulations.

30.     The allegations in Paragraph 30 characterize the ESA and regulations thereunder, a statute and regulations that speak for themselves and are the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA and its regulations.

31.     The allegations in Paragraph 31 characterize the ESA, a statute that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA.

32.     The allegations in Paragraph 32 characterize regulations under the ESA, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA regulations.

33.     The allegations in Paragraph 33 characterize regulations under the ESA, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA regulations.

34.     The allegations in Paragraph 34 characterize the Outer Continental Shelf Lands Act ("OCSLA"), and a Federal Register notice at 48 Fed. Reg. 10,605 (Mar 14, 1983), a statute and

notice that speak for themselves and are the best evidence of their contents.  Defendants deny any allegations that are inconsistent with their plain language, meaning, or context.

35.     The allegations in Paragraph 35 characterize OCSLA and regulations thereunder, a statute and regulations that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of OCSLA and its regulations.

36.     The allegations in Paragraph 36 characterize OCSLA, a statute that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the statute's plain language, meaning, or context.

37.     The allegations in Paragraph 37 characterize OCSLA, a statute that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the statute's plain language, meaning, or context.

38.     The allegations in Paragraph 38 characterize OCSLA, a statute that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the statute's plain language, meaning, or context.

39.     The allegations in Paragraph 39 characterize OCSLA and regulations thereunder, a statute and regulations that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of OCSLA and its regulations.

40.     The allegations in Paragraph 40 characterize regulations under OCSLA, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the regulations.

41.     The allegations in Paragraph 41 characterize the Administrative Procedure Act ("APA"), a statute that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the APA.

42.     The allegations in Paragraph 42 characterize the Administrative Procedure Act (APA), a statute that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the APA.

## STATEMENT OF FACTS

43.     The allegations in the first sentence of Paragraph 43 are vague and ambiguous with respect to "some of the most productive and biodiverse tropical and temperate habitats in the United States," and Defendants deny them on that basis.  In further response to the allegations in the first sentence, Defendants admit that the Gulf of Mexico contains coral reefs, wetlands, seagrass beds, mangroves, Sargassum, and hard- and soft-bottom marine communities.  Defendants admit the allegations in the second sentence of Paragraph 43.  In response to the allegations in the third sentence of Paragraph 43, Defendants admit that there are ESA-listed threatened and endangered species in the Gulf of Mexico.  In further response to the allegations in the third sentence, the term "many" is vague and ambiguous, and Defendants deny it on that basis.

44.     In response to the allegations in the first sentence of Paragraph 44, Defendants admit the Gulf of Mexico Bryde's whale, sperm whale, and right whale are found in the Gulf of Mexico.  In further response to the allegations in the first sentence, Defendants deny that the normal ranges of the blue whale and sei whale include the Gulf of Mexico, and aver that there could however be rare occurrences of the blue and sei whale in the Gulf of Mexico.  In response to the allegations in the second sentence of Paragraph 44, Defendants admit the Bryde's whale is listed as endangered under the ESA.  The allegation that the Bryde's whale is "one of the most

endangered populations of whales in the world, due primarily to oil and gas activity in its habitat," is vague and ambiguous, and Defendants deny it on that basis.  In further response to these allegations, Defendants aver that oil and gas activities pose significant threats to the Bryde's whale.

45.     The allegation in Paragraph 45 that the Kemp's ridley sea turtle is "the most endangered sea turtle in the world" is vague and ambiguous, and Defendants deny it on that basis; Defendants admit the remainder of the allegations in the body of Paragraph 45.  The allegations in Footnote 1 to Paragraph 45 characterizes the ESA and the policy published at 61 Fed. Reg. 4722 (Feb. 7, 1996), a statute and policy that speak for themselves and are the best evidence of their contents.  Defendants deny any allegations that are inconsistent with their plain language, meaning, or context.

46.     Defendants admit the allegations in Paragraph 46.

47.     Defendants admit the allegations in Paragraph 47.

48.     Defendants admit the allegations in Paragraph 48.

49.     Defendants admit the allegations in the first sentence of Paragraph 49.  In response to the allegations in the second sentence of Paragraph 49, Defendants further admit that that oil and gas activities conducted in the Gulf of Mexico include drilling wells, constructing pipelines, installing subsea production systems, pumping oil and gas, and loading and transporting oil, gas and cargo on ships.  The allegation in the second sentence that "hundreds of thousands of activities [] adversely affect threatened and endangered species and their habitats in the Gulf" is vague and ambiguous, and Defendants deny it on that basis.  In further response to the allegations in the second sentence, Defendants aver that some activities conducted by oil and gas operators, but not all of them, adversely affect threatened and endangered species.  The allegation in the third sentence of Paragraph 49 regarding "these activities" is vague and ambiguous, and Defendants

deny it on that basis.  In further response to the allegations in the third sentence of Paragraph 49, Defendants admit that some oil and gas activities have harmed wildlife or the environment, including through oil spills, vessel strikes, noise, marine debris, water pollution, and underwater explosions.  Figure 1 in Paragraph 49 purports to characterize a BOEM online interactive map, a map which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

50.     The allegations in Paragraph 50 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

51.     Defendants admit the allegations in Paragraph 51.

52.     The allegations in Paragraph 52 characterize the 2007 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

53.     The allegations in Paragraph 53 characterize the 2007 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

54.     The allegations in the first sentence of Paragraph 54 regarding a "prediction [that] proved gravely wrong" characterizes the 2007 biological opinion,  a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.  Defendants admit the remaining allegations in the first sentence of Paragraph 54. The allegation in the second sentence of Paragraph 54 that due to the Deepwater Horizon accident, "[a]pproximately 4.9 million barrels of oil" "flowed into the Gulf" is vague and ambiguous, and Defendants deny it on that basis.  In further response to that allegation, Defendants aver that a federal court adjudicating Clean Water Act penalties concluded

that 4 million barrels released from the reservoir, that 3.19 million barrels discharged into the Gulf of Mexico, and Defendants aver that this estimate provided the basis for a consent decree entered into by the United States. *See In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico*, 77 F. Supp. 3d 500, 525 (E.D. La. 2015); *see also* U.S. Department of Justice, Deepwater Horizon, https://www.justice.gov/enrd/deepwater-horizon (last visited Jan 21, 2021). The remaining allegations in the second sentence of Paragraph 54 characterize the 2007 biological opinion, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

55.     Defendants admit the allegations in the first sentence of Paragraph 55. The allegations in the second sentence of Paragraph 55 are vague and ambiguous, and Defendants deny them on that basis. To the extent the allegations in the second sentence are intended to characterize studies or publications Plaintiffs describe as "recent research," such studies or publications would speak for themselves and provide the best evidence of their contents. Defendants deny any allegations that are inconsistent with their plain language, meaning, or context.

56.     Defendants admit the allegations in Paragraph 56. In further response to these allegations, Defendants aver that these numbers are approximately correct if one includes very small organisms such as larvae and planktonic invertebrates in the definition of "animals."

57.     The allegations in Paragraph 57 are vague and ambiguous, and Defendants deny them on that basis. In further response to the allegations in Paragraph 57, Defendants aver that the effects of the Deepwater Horizon spill likely continue to affect the environmental baseline and the status of some species and habitats in the Gulf of Mexico.

58.     In response to the allegations in the first sentence of Paragraph 58, Defendants deny the allegation that NMFS and the Department of the Interior reinitiated formal consultation under

ESA Section 7 in 2010, and aver that consultation was actually reinitiated in 2013.  In further response to the allegations in the first sentence, Defendants admit that consultation was reinitiated in light of new information from the Deepwater Horizon incident.  The allegations in the second sentence of Paragraph 58 are vague and ambiguous, and Defendants deny them on that basis. Defendants deny the allegations in the third sentence of Paragraph 58, and aver the primary reason consultation was reinitiated was to reassess the environmental baseline and status of ESA-listed species and critical habitats in light of the effects of the Deepwater Horizon incident.

59.     In response to the allegations in the first sentence of Paragraph 59, Defendants admit that some of the plaintiffs in this suit alleged unreasonable delay in the completion of the consultation in 2018; and deny that "nearly eight years" passed between the initiation of formal consultation and the filing of that lawsuit.  Defendants deny the allegations in the second sentence of Paragraph 59 that NMFS completed the consultation "as a result of a settlement in that case," and admit that the biological opinion was issued on March 13, 2020.

60.     The allegations in Paragraph 60 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

61.     The allegations in Paragraph 61 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

62.     The allegations in Paragraph 62 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

63.     The allegations in Paragraph 63 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.  The allegations in Paragraph 63 also state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

64.     The allegations in Paragraph 64 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

65.     The allegations in the first sentence of Paragraph 65 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.  Defendants deny the allegations in the second sentence of Paragraph 65.

66.     The allegations in Paragraph 66 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

67.     The allegations in Paragraph 67 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

68.     The allegations in Paragraph 68 are vague and ambiguous, and Defendants deny them on that basis

69.     The allegations in the first sentence of Paragraph 69 are vague and ambiguous, and Defendants deny them on that basis.  In response to the allegations in the second sentence of Paragraph 69, Defendants admit that the amount of drilling in deep waters of the Gulf of Mexico

has been increasing.  The remainder of the allegations in the second sentence, and the allegations in the third sentence of Paragraph 69, are vague and ambiguous, and Defendants deny them on that basis.  The allegations in the fourth sentence of Paragraph 69 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

70.     The first two sentences of Paragraph 70 are vague and ambiguous, and Defendants deny them on that basis.  To the extent the allegations in the first two sentences are intended to characterize studies or publications Plaintiffs describe as "recent research," such studies or publications would speak for themselves and provide the best evidence of their contents.   The allegations in the third sentence of Paragraph 70 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

71.     Defendants deny the allegations in the first clause of the first sentence of Paragraph 71 regarding NMFS "reinitiating consultation primarily to determine the risks associated with another extremely large oil spill like the Deepwater Horizon and acknowledging that such a spill may occur as a result of the proposed action."  The remaining allegations in Paragraph 71 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.  The remaining allegations in Paragraph 71 also state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

72.     The allegations in Paragraph 72 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

73.     The allegations in Paragraph 73 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.  The allegations in the third sentence of Paragraph 73 also state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

74.     The allegations in Paragraph 74 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

75.     The allegations in the first sentence of Paragraph 75 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with its plain language, meaning, or context. Defendants admit the allegations in the second sentence of Paragraph 75.  The allegations in the third sentence of Paragraph 75 are vague and ambiguous, and Defendants deny them on that basis

76.     The allegations in Paragraph 76 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

77.      The allegations in Paragraph 77 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

78.     The allegations in Paragraph 78 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

79.     The allegations in the first sentence of Paragraph 79 are vague and ambiguous, and Defendants deny them on that basis.  To the extent the allegations in the first sentence are intended to characterize studies or publications Plaintiffs describe as "research," such studies or publications would speak for themselves and provide the best evidence of their contents.  In further response to the allegations in the first sentence, Defendants aver that oil spills are three-dimensional and may extend beyond what the naked eye can observe.  The allegations in the second sentence of Paragraph 79 are vague and ambiguous, and Defendants deny them on that basis.  In further response to the allegations in the second sentence, Defendants aver that subsurface and invisible oil can be toxic to marine organisms.  To the extent the allegations in the second sentence of Paragraph 79 are intended to characterize studies or publications Plaintiffs describe as "research," such studies or publications would speak for themselves and provide the best evidence of their contents.  Defendants deny any allegations that are inconsistent with their plain language, meaning, or context.  The allegations in the third sentence of Paragraph 79 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

80.     The allegations in Paragraph 80 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

81.     The allegations in Paragraph 81 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

82.     The allegations in Paragraph 82 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

83.     The allegations in Paragraph 83 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

84.     The allegations in Paragraph 84 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

85.     The allegations in Paragraph 85 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

86.     The allegations in Paragraph 86 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

87.     The allegations in Paragraph 87 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

88.     The allegations in Paragraph 88 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

89.     The allegations in Paragraph 89 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

90.     The allegations in Paragraph 90 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

91.     The allegations in Paragraph 91 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

92.     The allegations in the first, third, and fourth sentences of Paragraph 92 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.  The allegations in the second sentence of Paragraph 92 are vague and ambiguous, and NMFS denies them on that basis.

93.     The allegations in Paragraph 93 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

94.     The allegations in Paragraph 94 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

95.     The allegations in Paragraph 95 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

96.     The allegations in Paragraph 96 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

97.     The allegations in Paragraph 97 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

98.     The allegations in Paragraph 98 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

99.     The allegations in Paragraph 99 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

100.     The allegations in Paragraph 100 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

101.     The allegations in Paragraph 101 characterize the 2020 biological opinion and a NMFS status review on the Kemp's ridley sea turtle, documents that speak for themselves and are the best evidence of their contents.  Defendants deny any allegations that are inconsistent with their plain language, meaning, or context.

102.     The allegations in Paragraph 102 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

103.     The allegations in Paragraph 103 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

104.     The allegations in Paragraph 104 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

105.     The allegations in Paragraph 105 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

106.     The allegations in Paragraph 106 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

107.     The allegations in the first two sentences of Paragraph 107 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.  In response to the allegations in the third sentence of Paragraph 107, Defendants admit the Pearl and Pascagoula River populations of Gulf sturgeon are closer to oil and gas activity than other Gulf sturgeon populations.  The remainder of the allegations in the third sentence with respect to "oil spill effects" are vague and ambiguous, and Defendants deny them on that basis.

108.     Defendants admit the allegations in the first sentence of Paragraph 108.   The allegations in the second sentence of Paragraph 108 vague and ambiguous, and Defendants deny them on that basis.   The allegations in the third and fourth sentences of Paragraph 108 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.   Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

109.     The allegations in Paragraph 109 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.   Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

110.     The allegations in Paragraph 110 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.   Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

111.     Defendants admit the allegations in Paragraph 111.

112.     The allegations in Paragraph 112 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.   Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

113.     The allegations in Paragraph 113 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.   Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

114.     The allegations in Paragraph 114. characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.   Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

115.     The allegations in Paragraph 115 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

116.     The allegations in Paragraph 116. characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

117.     The allegations in Paragraph 117 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

118.     The allegations in Paragraph 118 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

119.     The allegations in Paragraph 119 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

120.     The allegations in Paragraph 120 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

121.     The allegations in Paragraph 121 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.  The allegations in Paragraph 121 also state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

122.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 122, and on that basis deny the allegations.  In further response to the allegations in the first sentence, Defendants aver that no federally managed oil and gas activities are currently proposed in these locations.  The allegations in the second sentence of Paragraph 122 are vague and ambiguous with respect to "close proximity" and Defendants deny them on that basis.  To the extent the allegations in Paragraph 122 characterize "Figure 2" in that paragraph (which appears to derive from map layers made available NOAA marine sanctuary program GIS tool at https://www.ncei.noaa.gov/maps/fgb/mapsFGB.htm), the Figure and the mapping layers it depicts speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language, meaning, or context of these maps.

123.     The allegations in the first two sentences of Paragraph 123 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.  In response to the allegations in the third sentence of Paragraph 123, Defendants admit there are coral reefs are within a 34-mile radius of nearby production platforms or pipelines.  The remaining allegations in the third sentence with respect to "a very large oil spill" that "could occur" at such locations are vague and ambiguous, and Defendants deny them on that basis.

124.     The allegations in Paragraph 124 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

125.    The allegations in Paragraph 125 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

126.    The allegations in Paragraph 126 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

127.    The allegations in Paragraph 127 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

128.    The allegations in Paragraph 128 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

129.    The allegations in Paragraph 129 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

130.    The allegations in Paragraph 130 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

131.    The allegations in Paragraph 131 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

132.    The allegations in Paragraph 132 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

133.    The allegations in Paragraph 133 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

134.    The allegations in Paragraph 134 characterize the Incidental Take Statement issued with the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

135.    The allegations in Paragraph 135 characterize the Incidental Take Statement issued with the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

136.    The allegations in Paragraph 136 characterize the Incidental Take Statement issued with the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

137.    The allegations in Paragraph 137 characterize the Incidental Take Statement issued with the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

138.    The allegations in Paragraph 138 characterize the Incidental Take Statement issued with the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

139.    The allegations in Paragraph 139 characterize the Incidental Take Statement issued with the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

140.    The allegations in Paragraph 140 characterize the Incidental Take Statement issued with the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

141.    The allegations in Paragraph 141 characterize the Incidental Take Statement issued with the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.  The allegations in Paragraph 141 also state legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

## FIRST CAUSE OF ACTION

142.    The responses made in paragraphs 1–141 are restated and incorporated by this reference.

143.    The allegations in Paragraph 143 characterize the ESA, a statute that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA.

144.    The allegations in Paragraph 144 characterize the ESA and regulations thereunder, a statute and regulations that speak for themselves and are the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA and its regulations.

145.    The allegations in Paragraph 145 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

146.    The allegations in Paragraph 146 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.  The allegations in Paragraph 146 also state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

147.    The allegations in Paragraph 147 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.  The allegations in Paragraph 147 also state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

148.    The allegations in Paragraph 148 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.  The allegations in Paragraph 148 also state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

149.    The allegations in Paragraph 149 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any

allegations that are inconsistent with its plain language, meaning, or context.  The allegations in Paragraph 149 also state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

150.    The allegations in Paragraph 150 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.  The allegations in Paragraph 150 also state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

151.    The allegations in Paragraph 151 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.  The allegations in Paragraph 151 also state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

152.    The allegations in Paragraph 152 characterize the 2020 biological opinion, and a court decision in Defs. of Wildlife, 931 F.3d at 354, a document and court decision that speak for themselves and are the best evidence of their contents.  Defendants deny any allegations that are inconsistent with their plain language, meaning, or context.  The allegations in Paragraph 152 also state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

153.    The allegations in Paragraph 153 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.  The allegations in

Paragraph 153 also state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

154.    The allegations in Paragraph 154 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.  The allegations in Paragraph 154 also state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

155.    The allegations in Paragraph 155 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.  The allegations in Paragraph 155 also state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

**SECOND CAUSE OF ACTION**

156.    The responses made in paragraphs 1–155 are restated and incorporated by this reference.

157.    The allegations in Paragraph 157 characterize the ESA and regulations thereunder, a statute and regulations that speak for themselves and are the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA and its regulations.

158.    The allegations in Paragraph 158 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

159.    The allegations in Paragraph 159 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

160.    The allegations in Paragraph 160 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

161.    The allegations in Paragraph 161 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

162.    The allegations in Paragraph 162 characterize the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.  The allegations in Paragraph 162 also state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

### THIRD CAUSE OF ACTION

163.    The responses made in paragraphs 1–162 are restated and incorporated by this reference.

164.    The allegations in Paragraph 164 characterize the ESA, a statute that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA.

165.    The allegations in Paragraph 165 characterize the ESA and regulations thereunder, a statute and regulations that speak for themselves and are the best evidence of its contents.

Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA and its regulations.

166.    The allegations in Paragraph 166 characterize the 2020 biological opinion and associated Incidental Take Statement, documents that speak for themselves and are the best evidence of their contents.  Defendants deny any allegations that are inconsistent with their plain language, meaning, or context.

167.    The allegations in Paragraph 167 characterize the Incidental Take Statement issued with the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.

168.    The allegations in the first four sentences of Paragraph 168 characterize the Incidental Take Statement issued with the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.  The allegations in the fifth sentence of Paragraph 168 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

169.    The allegations in Paragraph 169 characterize the Incidental Take Statement issued with the 2020 biological opinion, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations that are inconsistent with its plain language, meaning, or context.  The allegations in Paragraph 169 also state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

170.    The allegations in Paragraph 170 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## REQUEST FOR RELIEF

The remaining allegations in the Complaint constitute Plaintiffs' requests for relief to which no further response is required.  Defendants deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied herein.

## AFFIRMATIVE DEFENSES

1.      To the extent that Plaintiffs have failed to state a claim on which relief can be granted, any such claims should be dismissed.

2.      To the extent that the Court lacks jurisdiction over some or all of Plaintiff's claims, any such claims should be dismissed.

WHEREFORE, Defendants deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever, and thus request that the Complaint be dismissed with prejudice, that judgment be entered for Defendants.

Dated:  January 27, 2021                    Respectfully submitted,

JEAN E. WILLIAMS
Deputy Assistant Attorney General
SETH M. BARSKY
Section Chief
S. JAY GOVINDAN
Assistant Section Chief


*/s/ H. Hubert Yang*
H. HUBERT YANG (D. Md. Bar No. 814652)
Senior Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section

Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0209
Fax: (202) 305-0275
E-mail: hubert.yang@usdoj.gov

Of Counsel:

DANIEL POLLAK
Attorney Advisor
United States Department of Commerce
NOAA Office of General Counsel
Silver Spring, MD

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2021, I electronically filed the foregoing Defendants'

Answer To Plaintiffs' Complaint with the Clerk of the Court using the CM/ECF system, which

will send notification of this filing to the attorneys of record.

*/s/ H. Hubert Yang*
H. HUBERT YANG
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0209
Fax: (202) 305-0275
E-mail: hubert.yang@usdoj.gov

*Attorney for Defendants*