# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SIERRA CLUB, et al.,                             *
                                                 *
            Plaintiffs,                          *
                                                 *
    v.                                           *
                                                 *
NATIONAL MARINE FISHERIES                        *
SERVICE, et al.,                                 *
                                                 *    No. 8:20-cv-03060-DLB
            Defendants,                          *
                                                 *
        and                                      *
                                                 *
AMERICAN PETROLEUM INSTITUTE,                    *
et al.,                                          *
                                                 *
            Intervenor-Defendants.               *

## STIPULATED AGREEMENT TO STAY PROCEEDINGS

Plaintiffs Sierra Club, Center for Biological Diversity, Friends of the Earth, and Turtle Island Restoration Network; and Defendants National Marine Fisheries Service ("NMFS") and Janet Coit in her official capacity as Assistant Administrator for National Oceanic and Atmospheric Administration Fisheries (collectively, "the Signatory Parties") hereby agree and stipulate as follows:[1]

WHEREAS, in 2020, the Bureau of Ocean Energy Management ("BOEM"), the Bureau of Safety and Environmental Enforcement ("BSEE") (together, "the Bureaus"), the

---

[1] Intervenors have procedural and substantive concerns with the Stipulated Agreement to Stay Proceedings and Proposed Order, and, therefore, oppose it and intend to file a response within 14 days of filing as provided in Local Rule 105(2)(a). As for the remainder of the briefing schedule, Intervenors propose that Plaintiffs and Defendants have 14 days, or until August 18, to respond, and that Intervenors have 7 days, or until August 25, to file a reply in support of their opposition.

Defendants are amenable to Intervenors' proposed schedule. Plaintiffs, for their part, do not object to Intervenors' proposed schedule for filing an opposition to the Agreement, and for Defendants' and Plaintiffs' responses in support. Plaintiffs, however, do not agree that further briefing is warranted at this time.

Environmental Protection Agency ("EPA"), and NMFS's Office of Protected Resources, Permits, and Conservation Division, in coordination with NMFS, completed consultation on the effects to marine and anadromous species listed under the Endangered Species Act ("ESA"), as to all federally regulated oil and gas program activities expected over the next 50 years in the Gulf of Mexico. Based on its species-by-species analysis, including its evaluation of measures to mitigate or avoid effects to species, NMFS concluded that the proposed action was not likely to jeopardize the continued existence of sperm whale, Northwest Atlantic loggerhead sea turtle, Kemp's ridley sea turtle, North Atlantic distinct population segment ("DPS") and South Atlantic DPS green sea turtle, leatherback sea turtle, hawksbill sea turtle, Gulf sturgeon, giant manta ray, and oceanic whitetip shark; was not likely to destroy or adversely modify loggerhead or Gulf sturgeon designated critical habitat; and was likely to jeopardize the continued existence of the Gulf of Mexico Rice's whale. Further, as to the Rice's whale, NMFS proposed a "reasonable and prudent alternative" to avoid the likelihood of jeopardizing its continued existence, which the Bureaus subsequently adopted and implemented.

WHEREAS, on October 21, 2020, Plaintiffs filed a Complaint alleging, in relevant part: (i) the agencies' determinations in the 2020 consultation culminating in a programmatic biological opinion included analyses that are arbitrary and capricious and contrary to the best available science in violation of the ESA and Administrative Procedure Act ("APA"); (ii) the proposed reasonable and prudent alternative is arbitrary and capricious in violation of the ESA and APA; and (iii) NMFS's incidental take statement issued alongside the biological opinion is arbitrary and capricious in violation of the ESA and APA. *See* ECF 1.[2]

WHEREAS, on October 25, 2022, the Bureaus sent a letter to NMFS requesting to formally reinitiate consultation on federally regulated offshore oil and gas activities in the Gulf of Mexico.

WHEREAS, in their October 25, 2022 letter, the Bureaus acknowledged the need to readdress certain analyses contained in the 2020 biological opinion during the reinitiated

---

[2] Plaintiffs moved for leave to supplement their complaint on June 25, 2021, ECF No. 65, which the Court granted, ECF No. 72.

consultation. The Bureaus intend, for example, to update the oil spill risk analysis from the 2020 biological assessment, which would include BOEM's preparation of a new oil spill risk analysis for proposed Outer Continental Shelf oil and gas leasing in the Gulf of Mexico that will consider updated information on oil production, oil transport, and spill rates.[3] The Bureau's letter also acknowledged that "additional concerns have been raised with respect to the 2020 biological opinion, and acknowledge that this reinitiation of consultation will provide the opportunity for the agencies to reexamine and address those issues, as appropriate." In addition, the letter noted that "if NMFS issues a proposed critical habitat designation for the Rice's whale prior to, or soon after, submittal of the biological assessment, the Bureaus may seek to incorporate its assessment of the effects of the programmatic action on that critical habitat into the September 1, 2023 biological assessment or into a supplement to that assessment, as appropriate, given the timing of any such proposal."

WHEREAS, during the reinitiated consultation, BOEM will issue two documents to provide information to lessees and operators in the Gulf of Mexico concerning the Rice's whale and reduce or eliminate possible disturbance to the species. The first is a document entitled, "Notice to Lessees and Operators of Federal Oil and Gas, and Sulphur Leases in the Gulf of Mexico Outer Continental Shelf." NMFS understands that BOEM intends to publish this document on its website on or before August 18, 2023. The second document is a lease stipulation that will be added to the Department of the Interior's offshore oil and gas leases offered in Gulf of Mexico Oil and Gas Lease Sale 261 and any subsequent Gulf of Mexico oil and gas sales while the reinitiated consultation is ongoing. These documents are attached as Exhibits 1-2.

WHEREAS, subject to the Secretary of the Interior's discretion and obligations under the provisions of 43 U.S.C. §§ 1332, 1334, 1337, 1344, and 1345 of the Outer Continental Shelf Lands Act ("OCSLA") and the implementing regulations at 30 CFR part 556, and §§ 50264 and

---

[3] The Bureaus also intend to include a request to address the development of conditions of approval with NMFS related to impact pile driving and potential transit through the Rice's Whale Core Area (as defined in the 2020 Biological Opinion).

50265 of the Inflation Reduction Act ("IRA"), Pub. L. No. 117-169 (Aug. 16, 2022), as well as any other applicable provisions of OCSLA and the IRA, BOEM will exclude the area between the 100 meter and 400 meter isobaths in the northern Gulf of Mexico  (as reflected in Figure 1 in Exhibit 1) from Gulf of Mexico oil and gas lease sales (beginning with Lease Sale 261 and continuing while the reinitiated consultation is ongoing).

NOW, THEREFORE, THE SIGNATORY PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:

1. The Signatory Parties agree to a stay of this litigation for the duration of the reinitiated consultation, as described in the following paragraphs.

2. The Bureaus anticipate providing their consultation package to NMFS by September 1, 2023.

3. If the Bureaus require additional time to provide their consultation package to NMFS, the Signatory Parties will meet and confer as to any extension. If Plaintiffs do not agree that additional time is warranted, Plaintiffs' sole remedy is to move the Court to lift the stay and recommence the litigation.

4. NMFS agrees to conclude the consultation within one year of receiving a complete consultation package from the Bureaus, culminating in the publication of a new biological opinion. NMFS has the exclusive authority to determine whether the consultation package is complete.

5. NMFS is aware of the issues Plaintiffs have raised in their original and supplemental complaints, ECF Nos. 1 & 65, as well as in their motion for summary judgment, ECF No. 93, and it will consider and address each of those issues as part of the reinitiated consultation, as appropriate.[4]

6. If NMFS requires additional time to conclude the consultation, the Signatory Parties will meet and confer as to any such extension. If Plaintiffs do not agree that additional time is

---

[4] NMFS does not and cannot make any commitment as to the merits of how any particular issue will be addressed or resolved.

warranted, Plaintiffs' sole remedy is to move the Court to lift the stay and recommence the litigation.

7.  The Signatory Parties may modify the deadlines in Paragraphs 2 and 4 of this Agreement by mutual agreement, as described in Paragraphs 3 and 6.

8.  If any Signatory Party believes that there is good cause to lift the stay, they may so move the Court after first meeting and conferring with the other Signatory Parties to this Agreement.

9.  Once NMFS concludes the consultation in accordance with this Agreement, the Signatory Parties will submit a status report the Court within 60 days of the completion of the consultation and advise the Court how they wish to proceed.

10. By entering into this Agreement, Plaintiffs do not agree that the terms and measures of the Agreement are sufficient to comply with any agency's obligations to comply with the ESA or any other law.

11. This Agreement represents the entirety of the Signatory Parties' commitments with regard to the matters addressed herein.


In light of the above Agreement, the Signatory Parties respectfully request that the Court stay this case and enter their Proposed Order.

Dated:  July 21, 2023                                Respectfully submitted,

/s/ Christopher D. Eaton                            TODD KIM
Christopher D. Eaton (D. Md. Bar 21544)             Assistant Attorney General
Grace Bauer (*pro hac vice*)                        SETH M. BARSKY
Stephen D. Mashuda (*pro hac vice*)                 Deputy Assistant Attorney General
EARTHJUSTICE                                        S. JAY GOVINDAN
810 Third Ave., Suite 610                           Section Chief
Seattle, WA 98104                                   H. HUBERT YANG
206-343-7340 Telephone                              (D. Md. Bar No. 814652)
415-217-2040 Fax                                    Senior Trial Attorney
ceaton@earthjustice.org
gbauer@earthjustice.org                             /s/ Davis A. Backer
smashuda@earthjustice.org                           DAVIS A. BACKER
                                                    Trial Attorney, CO Bar No. 53502
Susan Stevens Miller (D. Md. Bar 6100)              United States Department of Justice

EARTHJUSTICE
1625 Massachusetts Ave., NW, Ste. 702
Washington, DC 20036
202-667-4500 Telephone
202-667-2356 Fax
smiller@earthjustice.org

*Attorneys for Plaintiffs*

Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0209 (Yang)
Tel: (202) 514-5243 (Backer)
Fax: (202) 305-0275
E-mail: hubert.yang@usdoj.gov
E-mail: davis.backer@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

/s/ Davis A. Backer

DAVIS A. BACKER
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 514-5243
Fax: (202) 305-0275
E-mail: davis.backer@usdoj.gov

*Attorney for Defendants*